IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ANTONIO WILBURN,

                        Plaintiff,

    v.

GRANT COUNTY JAIL,

                      Defendant.

OPINION and ORDER

26-cv-71-jdp

---

Plaintiff Antonio Wilburn, proceeding without counsel, is currently a prisoner in an Iowa jail. Wilburn alleges that when he was at the jail in Grant County, Wisconsin, staff mistreated an infection that he suffered from. He has made an initial partial payment of the filing fee as directed by the court.

The next step is for me to screen Wilburn's complaint and dismiss any portion that is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. §§ 1915 and 1915A. In doing so, I must accept his allegations as true and construe the complaint generously, holding it to a less stringent standard than formal pleadings drafted by lawyers. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). I will dismiss Wilburn's complaint because it doesn't properly state any claims for relief. But I will give him a chance to file an amended complaint.

ANALYSIS

Wilburn states that he was given unclean underwear at the Grant County Jail and that he developed an infection from it, but medical staff there didn't give him medication for the

infection and otherwise assumed that he was lying about the problem. Staff also examined his genital area in full view of other staff and prisoners.

Wilburn's allegations might support constitutional claims for inadequate medical care and for the humiliation that he suffered from needlessly being examined in front of staff and inmates. But Wilburn names only the jail itself as a defendant, and not any staff member responsible for his alleged mistreatment. Liability for claims like these brought under 42 U.S.C. § 1983 are generally limited to defendants with personal involvement in the alleged constitutional violation. *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017). Without naming as defendants the jail officials responsible for his mistreatment, he cannot proceed on any constitutional claims against them. I will assume that by naming the jail he means to sue Grant County under *Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 691 (1978), but he can sue the county under a *Monell* theory only if the alleged constitutional violations resulted from a county policy, widespread practice, or decision by a county policymaker. Wilburn's allegations don't suggest that this is the case.

Because Wilburn's complaint doesn't properly state any claims for relief, I will dismiss it. But I will give him a short time to submit an amended complaint fixing his pleading problems. In drafting his amended complaint, Wilburn should be sure to:

- Identify by full name all the individuals whom he wishes to sue in the amended complaint's caption.

- Carefully consider whether he is naming proper defendants and omit defendants who did not participate in a violation of his rights.

- Describe simply and concisely what actions he believes that each defendant took that violated his rights, using separate, numbered paragraphs.

If Wilburn fails to submit an amended complaint by the deadline set below, I will dismiss the entire case. *See Paul v. Marberry*, 658 F.3d 702, 705 (7th Cir. 2011).

ORDER

IT IS ORDERED that:

1.  Plaintiff's complaint, Dkt. 1, is DISMISSED.

2.  Plaintiff may have until April 29, 2026, to submit an amended complaint as explained in the opinion above.

Entered April 7, 2026.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge

3